UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JULIO PANTOJA,<br><br>　　　　　　Defendant. | No. CR-05-164-FVS<br><br>ORDER |

**THIS MATTER** came before the Court for a scheduled pretrial conference on January 19, 2006. Also before the Court is the Defendant's Motion to Suppress (Ct. Rec. 35) and the Defendant's Motion to Dismiss (Ct. Rec. 32). The Defendant was present and represented by Rebecca Pennell. The Government was represented by James Hagarty. This Order is intended to memorialize and supplement the Court's oral ruling made in open court.

**Motion to Dismiss**

On June 14, 2000, the Defendant was convicted for unlawful possession of a firearm in the second degree in violation of RCW § 9.41.040(1)(b)(i). The Defendant was sentenced to a term of incarceration of 60 days. The judgement in that case reveals the standard range for his offense was 1-3 months. Pursuant to the statute, the offense carried a maximum prison term of 5 years.

In the instant action, the Defendant is charged with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1), based on his prior conviction in state court. 18 U.S.C. § 922(g)(1) makes it unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" from

ORDER - 1

possessing firearms that have been shipped or transported in interstate or foreign commerce.

The federal prohibition does not depend on the actual sentence imposed on an individual for a prior conviction or the actual sentence that potentially could have been imposed based upon the particular facts of that person's case. *United States v. Murillo*, 422 F.3d 1152, 1153 (9th Cir. 2005). The maximum sentence that makes a prior conviction under state law a predicate offense, as a crime punishable by a term exceeding one year, for purposes of being a felon in possession, is the potential maximum sentence defined by the applicable state criminal statute. *Id.*; *United States v. Rios-Beltran*, 361 F.3d 1204 (9th Cir. 2004). It's the Defendant's position that under the Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), the statutory maximum sentence for an offense governed by Washington State's Sentencing Reform Act is the maximum within the sentencing guideline range, unless aggravating factors are pled and proven beyond a reasonable doubt. Applying that argument to the instant case, the Defendant contends his prior offense was punishable only by a maximum of 3 months. Accordingly, the Defendant contends his prior offense does not meet the plain terms of 18 U.S.C. § 922(g)(1) and the instant charge cannot stand. On that basis, the Defendant filed his motion to dismiss.

However, the Defendant also acknowledges the Ninth Circuit has previously held that the maximum sentence which makes a prior conviction under state law a predicate offense under 18 U.S.C. § 922(g)(1) remains, even after *Blakely*, the potential maximum sentence defined by the applicable state criminal statute, not the maximum sentence which could have been imposed against the particular defendant for his commission of that crime according to the state's sentencing guidelines. *United States v. Murillo*, 422 F.3d 1152, 1154 (9th Cir. 2005). *Murillo*, 422 F.3d at 1154. The Defendant acknowledges that his argument in support of his motion to dismiss is controlled by, and was rejected by, the Ninth Circuit in *Murillo*, but filed his motion to dismiss to preserve the issue for appeal. Because the Court is bound by precedent, the Defendant's motion to dismiss is denied.

ORDER - 2

**Motion to Suppress**

In the present case, the Defendant acknowledges he was lawfully arrested for driving under the influence, in violation of Washington state law. After the Defendant was secured in the backseat of the arresting officer's patrol car, two Wenatchee Police Department officers searched the Defendant's vehicle and found two firearms inside a gun case sitting on the front seat of the Defendant's vehicle. After the firearms were discovered, the arresting officer ran a background check on the Defendant's name and learned he was a convicted felon. Thereafter, the firearms were seized and form the basis of the indictment in this matter.

The Defendant contends the firearms were seized in violation of his Fourth Amendment rights and moves to suppress the firearms. However, the Defendant recognizes that under the current state of the law, the seizure was permissible. *See New York v. Beltran*, 453 U.S. 454 (1981) (holding that when the police make a lawful custodial arrest of a vehicle occupant, the Fourth Amendment permits a search of the passenger compartment of the vehicle incident to arrest). The Defendant wishes to preserve this issue for appeal in light of the recent Supreme Court opinion in *Thornton v. United States*, 124 S.Ct. 2127 (2004), wherein several justices of the Supreme Court indicated their dissatisfaction with the *Belton* rule. The Defendant acknowledges that the Ninth Circuit has not interpreted *Thornton* as over-ruling the rule set forth in *Belton*, but believes this issue is ripe for review. *See United States v. Osife*, 398 F.3d 1143, 1147 (9th Cir. 2005) (holding that the *Belton* rule still applies, though "Justice Scalia's view is more analytically sound than the prevailing approach, which relies on the legal fiction that a suspect handcuffed and locked in a patrol car might escape and grab a weapon from the passenger compartment of his own car"). Because the Court is bound by precedent, the Defendant's motion to suppress is denied. Accordingly,

**IT IS HEREBY ORDERED:**

1. Pursuant to the representations made on the record by defense counsel, the Defendant's Motion for Disclosure of Evidence Pursuant to Fed.R.Evid. 404 & 609 (**Ct. Rec.**

ORDER - 3

38), Motion for Discovery (**Ct. Rec. 40**), and Motion to Compel Grand Jury Transcripts (**Ct. Rec. 42**), are **MOOT**.

2. The Defendant's Motion to Dismiss (**Ct. Rec. 32**) is **DENIED** because the Ninth Circuit has held the maximum sentence that makes a prior conviction under state law a predicate offense under 18 U.S.C. § 922(g)(1) remains, even after the Supreme Court's ruling in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), the potential maximum sentence defined by the applicable state criminal statute, not the maximum sentence which could have been imposed against the particular defendant for his commission of that crime according to the state's sentencing guidelines. *United States v. Murillo*, 422 F.3d 1152, 1154 (9th Cir. 2005). *Murillo*, 422 F.3d at 1154.

3. The Defendant's Motion to Suppress (**Ct. Rec. 35**) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this <u>19th</u> day of January, 2006.

> s/ Fred Van Sickle
> Fred Van Sickle
> United States District Judge

ORDER - 4